1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHRISTOPHER J. NEVIS, SB# 162812
2    Email: Christopher.Nevis@lewisbrisbois.com
MICHAEL ROMEO, SB# 180978
3    Email: Michael.Romeo@lewisbrisbois.com
333 Bush Street, Suite 1100
4 San Francisco, California, 94104-2872
Telephone: 415.362.2580
5 Facsimile: 415.434.0882

6 Attorneys for Defendant EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US

7

8                      UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11   DAVID HANSON, | CASE NO. |
| 12         Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY); JURY DEMAND** |
| 13    vs. | |
| 14   EQUILON ENTERPRISES LLC, DBA SHELL OIL PRODUCTS US; PACIFIC GAS AND ELECTRIC COMPANY; AND DOES 1-100, | |
| 15 | |
| 16        Defendants. | |
| 17 | |

18 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

19 **DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION:**

20       **PLEASE TAKE NOTICE THAT** Defendant EQUILON ENTERPRISES LLC dba SHELL

21 OIL PRODUCTS US ("Defendant"), by and through its undersigned attorney of record, hereby

22 remove to this Court the state court action described below.

23                           **JURISDICTION AND VENUE**

24      1.    This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is

25 one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.

26 §1441(b) in that it is a civil action between citizens or subjects of a foreign state and a citizen of a

27 different state, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000,

28 exclusive of interest and costs.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1390(c) because the original state court case was venued in the City and County of San Francisco. Pursuant to 28 U.S.C. §§ 1390(b)(2) the injury producing event occurred at the Shell Refinery in Martinez, California, which is located in Contra Costa County.

## INTRA-DISTRICT ASSIGNMENT

3. Defendant is informed and believes, based on Plaintiff's allegation in the complaint, that plaintiff was working at the Shell Martinez Refinery, in Martinez California, when plaintiff fell from an electrical pole. Venue in the San Francisco Division of the District Court is proper under N.D. Cal. R. 3-2(c) and (d), as opposed to any other Division of the District Court, because the events giving rise to Plaintiff's purported injury is alleged to have occurred in Contra Costa County, California.

## GROUNDS FOR REMOVAL

4. On June 21, 2013, Plaintiff DAVID HANSON ("Plaintiff"), by and through his attorneys William Veen, Esq., of the law firm of THE VEEN FIRM, P.C., commenced a civil action in the Superior Court of the State of California, San Francisco County against Defendant, entitled *DAVID HANSON v. EQUILON ENTERPRISES LLC, DBA SHELL OIL PRODUCTS US; PACIFIC GAS AND ELECTRIC COMPANY; and DOES 1-100*, San Francisco County Superior Court Case No. CGC-13-532292. A true and correct copy of the complaint is attached as **Exhibit A**.

5. The State of California Complaint alleged that plaintiff was at all times mentioned in the complaint a resident of the city of Rio Vista, Solano County, California. There is no reference to the plaintiff's domicile.

6. The State of California Complaint alleged defendant Equilon Enterprises LLC dba Shell Oil Products US was duly organized and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Further, the complaint alleged that defendant Pacific Gas and Electric Company (hereinafter "PG&E") was duly organized and existing under the laws of the State of California with its principal place of business in San Francisco, California.

7. On January 22, 2014, plaintiff dismissed Defendant PG&E, without prejudice, from the lawsuit. On February 14, 2014, plaintiff filed the notice of entry of dismissal as to Defendant PG&E.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-0617-9355.1                                                      2
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441(b)
(DIVERSITY); JURY DEMAND

1 A true and correct copy of the request for dismissal and notice of entry of dismissal is attached as

2 **Exhibit B**.

3     8.    Through discovery in the State Court case, Plaintiff responded to Form Interrogatories,

4 declaring that from July 2012 to September 2013 plaintiff lived in Rio Vista, California, and that from

5 September 2013 to the October 28, 2013, he was living in Eau Claire, Wisconsin. There has been no

6 further information regarding plaintiff's domicile. A true and correct copy of the plaintiff's responses

7 to form interrogatories is attached as **Exhibit C**.

8     9.    Pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c), the time limit to remove

9 the case to Federal Court has been satisfied.

10     10.    The basis for removal is complete diversity. Plaintiff is domiciled in Wisconsin, as

11 plaintiff currently resides in Wisconsin and receives medical treatment in Wisconsin. At the time the

12 Complaint was filed and served, and currently, Defendant Equilon Enterprises LLC dba Shell Oil

13 Products US was duly organized and existing under the laws of the State of Delaware, with its

14 principal place of business in Houston, Texas. Defendant PG&E has since been dismissed from the

15 lawsuit. This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 because

16 the named Defendant is a citizen of a Delaware and Texas, while Plaintiff is a citizen of either the

17 State of Wisconsin or the State of California.

18     11.    Plaintiff's Complaint does not allege a specific amount in damages, but does allege

19 facts, damages and injuries sufficient to place the amount in controversy to exceed $75,000.

20 Plaintiff's complaint alleges plaintiff suffered quadriplegia, a severe traumatic brain injury, pelvic

21 fracture, left femur fracture, L2 lumbar fracture, and facial fractures, which will be permanent

22 disabilities. Further, plaintiff served a Statement of Damages, listing over $35,000,000 in damages. A

23 true and correct copy of the plaintiff's statement of damages is attached as **Exhibit D**. Thus,

24 Defendant believes in good faith that the amount in controversy substantially exceeds $75,000, as

25 required for removal pursuant to 49 U.S.C. §11706.

26     12.    The only named defendant is a party to this removal. The defendants designated as

27 DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been named or

28 served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441 (a). *McCabe v.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-0617-9355.1

3

1  *General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not

2  consent to this removal.

3      13.      Attached as **Exhibit E** are true and correct copies of the pleadings and orders served on

4  Defendant in the state court action.

5                          **DEMAND FOR JURY TRIAL**

6      14.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby

7  demands a trial by jury.

8      **WHEREFORE,** Defendant prays that this action be removed to this Court.

9  DATED: June 10, 2014                    LEWIS BRISBOIS BISGAARD & SMITH LLP

10                              By: _____ /s/ Michael Romeo _____

11                                  Christopher J. Nevis
                                    Michael Romeo

12                                  Attorneys for Defendant EQUILON ENTERPRISES
                                    LLC dba SHELL OIL PRODUCTS US

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4836-0617-9355.1                                   4

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** EQUILON ENTERPRISES LLC, DBA
*(AVISO AL DEMANDADO):* SHELL OIL PRODUCTS US; PACIFIC
GAS AND ELECTRIC COMPANY; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID HANSON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California, 94102

**CASE NUMBER:**
*(Número del Caso):* 3 - 5 3 2 2 9 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CRAIG M. PETERS, NO. 184018                    (415) 673-4800  (415) 771-5845
KIMBERLY WONG, NO. 251193
THE VEEN FIRM, P.C.
San Francisco, CA 94120-7296

**CLERK OF THE COURT**

DATE: **JUN 2 1 2013**                Clerk, by _____ **DENNIS TOYAMA** , Deputy
*(Fecha)*                             *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions℠
Ce Plus

Code of Civil Procedure §§ 412.20, 465

1   WILLIAM L. VEEN, NO. 043150
    CRAIG M. PETERS, NO. 184018
2   KIMBERLY WONG, NO. 251193
    THE VEEN FIRM, P.C.
3   711 Van Ness Avenue, Suite 220
    San Francisco, CA 94102
4   P.O. Box 7296
    San Francisco, CA 94120-7296
5   Telephone: (415) 673-4800
    Facsimile: (415) 771-5845
6   KL.Team@veenfirm.com

7   ATTORNEYS FOR PLAINTIFF
    DAVID HANSON

8

9

**F I L E D**
San Francisco County Superior Court

JUN 2 1 2013

CLERK OF THE COURT
BY:_____ DENNIS TOYAMA
Deputy Clerk

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          IN AND FOR THE COUNTY OF SAN FRANCISCO

12

13   DAVID HANSON,          CASE NO.   C G C - 1 3 - 5 3 2 2 9 2

14        Plaintiff,           **COMPLAINT**

15     v.

16   EQUILON ENTERPRISES LLC, DBA SHELL
    OIL PRODUCTS US; PACIFIC GAS AND
    ELECTRIC COMPANY; and DOES 1-100,    Complaint Filed:   n/a

17                              Trial Date:      Unassigned
       Defendants.

18

19                  **GENERAL ALLEGATIONS**

20     Plaintiff David Hanson complains of defendants, and each of them, and alleges as follows:

21       1.     The injuries to plaintiff complained of herein occurred at the Shell Martinez Refinery

22   located in the City of Martinez, Contra Costa County, California, on or about August 7, 2012.

23       2.     Plaintiff is and was at all mentioned herein, a resident of the city of Rio Vista, Solano

24   County, California.

25       3.     Plaintiff is informed and believes, and thereon alleges, that defendant Equilon

26   Enterprises LLC, dba Shell Oil Products US (hereinafter "Shell Oil") was at all times mentioned

27   herein duly organized and existing under the laws of the State of Delaware, with its principal place of

28

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-1-

1  business in Houston, Texas. Plaintiff is informed and believes, and thereon alleges, that said

2  defendant was authorized to do business in California and was actually doing business in California.

3      4.    Plaintiff is informed and believes, and thereon alleges, that defendant Shell Oil was a

4  foreign company and had not designated a principal office for doing business within the State of

5  California in accordance with California Corporations Code § 2105(a)(3). Therefore, venue is proper

6  in any county within the State of California, including San Francisco County.

7      5.    Plaintiff is informed and believes, and thereon alleges, that defendant Pacific Gas and

8  Electric Company (hereinafter "PG & E") is and was at all times mentioned herein duly organized

9  and existing under the laws of the State of California with its principal place of business in San

10  Francisco, California. Plaintiff is informed and believes, and thereon alleges, that defendant PG & E

11  was authorized to do business in California and was actually doing business in California.

12     6.    The true names and capacities, whether individual, corporation, association or

13  otherwise, of defendants sued herein as Does 1-100, inclusive, are unknown to plaintiff and therefore

14  plaintiff sues said defendants by such fictitious names. Plaintiff prays for leave to amend this

15  complaint to insert the true names of said defendants when such information becomes available.

16     7.    Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named

17  defendant was negligent or otherwise responsible in some manner for the occurrences herein alleged,

18  and that plaintiff's injuries and damages were legally caused by said negligence or other conduct.

19     8.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in

20  the complaint, each of the defendants was the agent and employee of each of the other defendants,

21  and in doing the things alleged in this complaint, was acting within the course and scope of this

22  agency and employment, and each defendant has ratified and approved the acts of its agent.

23     9.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants

24  was the successor-in-interest to each of the remaining defendants and on that basis is liable for any

25  defendants' act or omission alleged in this complaint.

26  ## FIRST CAUSE OF ACTION
    ### [Negligence against all defendants]

27

28     10.   Plaintiff incorporates by reference paragraphs 1 through 9 of the General Allegations,

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-2-
COMPLAINT

1  as though fully set forth herein.

2      11.    On or about August 7, 2012, plaintiff was employed by Emcor Group, Inc. dba
3  Contra Costa Electric, Inc. (hereinafter "Contra Costa Electric") as a lineman, and was not employed
4  by Shell Oil. At all relevant times, plaintiff was working for Contra Costa Electric at the Shell
5  Martinez Refinery. As an employee of Contra Costa Electric, plaintiff was at the Shell Martinez
6  Refinery with the permission and at the direction of defendants when he was injured.

7      12.    Prior to plaintiff's injury, defendant Shell Oil had hired Contra Costa Electric to
8  replace a switch located near the top of an approximately sixty foot tall electrical pole at the Shell
9  Martinez Refinery. At all relevant times, defendant Shell Oil retained and exercised control over the
10  safety and the performance of this job, as well as control over plaintiff in his work at the Shell
11  Martinez refinery.

12      13.    In retaining and exercising such control, defendant Shell Oil had a duty to provide
13  plaintiff and other permissible users with a safe work environment for the job, including safe access
14  to the switch located near the top of the electrical pole and an environment free of unsafe conditions
15  and/or hazards that pose an unreasonable risk of harm to plaintiff and other such permissible users.

16      14.    Defendant Shell Oil had a duty to refrain from affirmatively creating any conditions
17  on the electrical pole that posed an unreasonable risk of harm to plaintiff and others. Defendant
18  Shell Oil also had a duty to refrain from any other action or inaction which would affirmatively
19  contribute to unsafe conditions for workers who needed to access and/or work on the switch
20  located on the electrical pole.

21      15.    Defendant Shell Oil negligently supervised, directed, and coordinated the work
22  performed by plaintiff. Defendant Shell Oil negligently exercised its retained control and breached
23  the foregoing duties by failing to provide plaintiff and others with safe access to the switch located
24  near the top of the electrical pole and by requiring that plaintiff and others follow defendant Shell
25  Oil's rules, instructions, and directives regarding safety and performance of the job.

26      16.    At all relevant times, defendants Shell Oil, PG & E, and Does 1-100, and each of
27  them, owned, constructed, occupied, used, directed, operated, managed, maintained, and/or
28  controlled the Shell Martinez Refinery, including the subject electrical pole.

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-3-
COMPLAINT

1      17.    At all times herein mentioned, defendants Shell Oil, PG & E, and Does 1-100, and

2 each of them, by virtue of their ownership, possession, maintenance, management and control over

3 the Shell Martinez Refinery and the electrical pole, owed plaintiff a duty of care to maintain the

4 property and the electrical pole in a reasonably safe condition to avoid injury to foreseeable users of

5 the property.

6      18.    Defendants Shell Oil, PG & E, and Does 1-100, and each of them, negligently failed

7 to comply with their obligations to perform inspections, repairs, and maintenance of the property,

8 including the electrical pole.

9      19.    Defendants Shell Oil, PG & E, and Does 1-100, and each of them, negligently failed

10 to warn plaintiff of the unsafe condition of the property, including the electrical pole.

11      20.    Defendants Shell Oil, PG & E, and Does 1-100, and each of them, as the owners and

12 operators of the property, including the electrical pole, were negligent in that they failed to exercise

13 due care in the ownership, construction, operation, and maintenance of the property to ensure that

14 visitors were not subject to any unreasonable risk of harm when on the property.

15      21.    Plaintiff is informed and believes and thereon alleges that defendants Shell Oil, PG &

16 E, and Does 1-100, and each of them, had actual knowledge of the existence of the unsafe condition

17 of the property, including the electrical pole, and knew or should have known of its dangerous

18 character, or that the unsafe condition had existed for such a period of time and that the defendants,

19 in the exercise of due care, should have discovered the condition and its dangerous character and

20 taken measures to protect against the dangerous condition.

21      22.    As a legal result of the negligence of defendants Shell Oil, PG & E, and Does 1-100,

22 and each of them, on or about August 7, 2012, plaintiff fell from the electrical pole approximately

23 sixty feet to the ground causing him to suffer serious injuries, including but not limited to,

24 quadriplegia, a severe traumatic brain injury, pelvic fracture, left femur fracture, L2 lumbar fracture,

25 and facial fractures. These injuries will continue to cause great mental and physical pain and

26 suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some

27 permanent disability to him. As a result of such injuries, plaintiff has suffered general damages in an

28 amount to be proven at the time of the trial in this action.

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-4-

COMPLAINT

1    23.    As a further legal result of the negligence of defendants Shell Oil, PG & E, and Does

2    1-100, and each of them, plaintiff has incurred, and will continue to incur, medical and related

3    expenses for physicians, surgeons, hospital care, and other medical services and supplies.

4    24.    As a further legal result of the negligence of defendants Shell Oil, PG & E, and Does

5    1-100, and each of them, plaintiff has necessarily suffered a loss of earnings and earning capacity, and

6    plaintiff is informed and believes, and thereon alleges, that he will continue such a loss for an

7    indefinite time. Plaintiff's earning capacity and ability to provide household services have been

8    greatly reduced, all to plaintiff's further economic damages.

9    WHEREFORE, plaintiff David Hanson prays for judgment against defendants Shell Oil, PG

10    & E, and Does 1-100 as follows:

11          1.    General damages in an amount to be determined by proof at trial;

12          2.    Special damages in an amount to be determined by proof at trial;

13          3.    Interest as permitted by law;

14          4.    Costs of this action;

15          5.    Any other and further relief that the court considers proper.

16

17    DATED: June 21, 2013                    THE VEEN FIRM, P.C.

18

19                                           By:

20                                                Craig Peters
                                                  Kimberly Wong
21                                                Attorneys for Plaintiff
                                                  DAVID HANSON
22
     330509_1.docx
23

24

25

26

27

28

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-5-

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

CRAIG M. PETERS, NO. 184018
KIMBERLY WONG, NO. 251193
THE VEEN FIRM, P.C.
P.O. Box 7296
San Francisco, CA 94120-7296
TELEPHONE NO. (415) 673-4800 FAX NO. (415) 771-5845
ATTORNEY FOR *(Name):* Plaintiff David Hanson

**F I L E D**
San Francisco County Superior Court

JUN 2 1 2013

CLERK OF THE COURT
BY: DENNIS TOYAMA
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME: Hanson v. Equilon Enterprises LLC, et al.

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited [ ] Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | **Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>C G C - 1 3 - 5 3 2 2 9 2 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [X] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 1

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 21, 2013

CRAIG M. PETERS, NO. 184018
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

**CIVIL CASE COVER SHEET**

Legal
Solutions
ℓa Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# Exhibit B

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

CRAIG M. PETERS, NO. 184018
KIMBERLY WONG, NO. 251193
THE VEEN FIRM, P.C.
P.O. Box 7296
San Francisco, CA 94120-7296
TELEPHONE NO.: (415) 673-48 FAX NO.: (415) 771-14
E-MAIL ADDRESS: LP.Team@veenfirm.com
ATTORNEY FOR (Name): Plaintiff David Hanson

ENDORSED
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

FEB 21 AM 11: 58

CLERK OF THE COURT
DEPUTY
BY:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: David Hanson

DEFENDANT/RESPONDENT: Equilon Enterprises LLC et al.

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death | CGC-13-532292 |
| [ ] Motor Vehicle [ ] Other | |
| [ ] Family Law | |
| [ ] Eminent Domain | |
| [ ] Other (specify): | |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the *Request for Dismissal. (Attach a copy completed by the clerk.)*

Date: February 20, 2014

Kimberly Wong
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

(SIGNATURE)

**PROOF OF SERVICE**

1. I am over the age of 18 and not a party to this cause. My residence or business address is: The Veen Firm, 711 Van Ness Ave, Ste. 220, San Francisco, CA 94102

2. [X] I am a resident of or employed in the county where the mailing occurred. I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [X] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: 2/20/14          d. Place of deposit (city and state): San Francisco, CA
   e. Addressed as follows (name and address): Christopher Nevis, Esq., Michael Romeo, Esq., Lewis Brisbois Bisgaard & Smith LLP, 333 Bush Street, Ste. 1100, San Francisco, CA 94104

3. [ ] I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by personally delivering copies as shown below:
   a. Name of person served:
   b. Address at which person served:
   c. On (date):          d. At (time):

4. [ ] I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by electronically serving copies as shown below (complete if electronic service is used based on a court order or agreement of the parties):
   a. Name of person served:
   b. Electronic service address of person served:
   c. On (date):          d. At (time):
   e. Electronic service address from which I served the documents:
   [ ] Proof of electronic service is attached.

5. [ ] Proof of service on additional parties is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 20, 2014

Susan McKinley
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-120 [Rev. January 1, 2012]

**NOTICE OF ENTRY OF DISMISSAL
AND PROOF OF SERVICE**

Legal
Solutions
& Plus

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| CRAIG M. PETERS, NO. 184018<br>KIMBERLY WONG, NO. 251193<br>THE VEEN FIRM, P.C.<br>P.O. Box 7296<br>San Francisco, CA 94120-7296<br>TELEPHONE NO.: (415) 673-480 FAX NO. (Optional): (415) 771-5845<br>E-MAIL ADDRESS (Optional): LP.Team@veenfirm.com<br>ATTORNEY FOR (Name): Plaintiff David Hanson | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>JAN 22 2014<br><br>CLERK OF THE COURT<br>BY: ANNA L. TORRES<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: David Hanson

DEFENDANT/RESPONDENT: Equilon Enterprises LLC et al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>CGC-13-532292 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):          on (date):
   (4) ☐ Cross-complaint filed by (name):          on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* defendant Pacific Gas and Electric Company only

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: January 22, 2014

CRAIG M. PETERS, NO. 184018
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)
Attorney or party without attorney for: David Hanson

*If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state, and identify the parties, causes of action, or cross-complaints to be dismissed.

☒ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)
Attorney or party without attorney for:

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):       as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy
   Date:        Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

REQUEST FOR DISMISSAL

Legal
Solutions
& Plus

Page 1 of 2
Code of Civil Procedure, §581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

# Exhibit C

1  WILLIAM L. VEEN, NO. 043150
   CRAIG M. PETERS, NO. 184018
2  KIMBERLY WONG, NO. 251193
   THE VEEN FIRM, P.C.
3  711 Van Ness Avenue, Suite 220
   San Francisco, CA 94102
4  P.O. Box 7296
   San Francisco, CA 94120-7296
5  Telephone: (415) 673-4800
   Facsimile: (415) 771-5845
6  KL.Team@veenfirm.com

7  ATTORNEYS FOR PLAINTIFF
   DAVID HANSON
8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

12
   DAVID HANSON,                              CASE NO. CGC-13-532292
13
            Plaintiff,                        PLAINTIFF'S RESPONSE TO
14                                            DEFENDANT EQUILON
            v.                                ENTERPRISES, LLC'S FORM
15                                            INTERROGATORIES, SET ONE
   EQUILON ENTERPRISES LLC, DBA SHELL
16 OIL PRODUCTS US; PACIFIC GAS AND           Complaint Filed:   June 21, 2013
   ELECTRIC COMPANY; and DOES 1-100,          Trial Date:        Unassigned
17
            Defendants.
18

19

20 RESPONDING PARTY:        Plaintiff DAVID HANSON

21
   PROPOUNDING PARTY:   Defendant EQUILON ENTERPRISES, LLC dba SHELL OIL
22                       PRODUCTS US

23 SET NUMBER:           ONE

24                          **PREFATORY STATEMENT**

25      It should be noted that this responding party has not fully completed investigation of the

26 facts relating to this case, has not completed discovery, and has not completed preparation for trial.

27      All of the responses contained herein are only upon such information and documents as are

28 presently available to and specifically known to this responding party and disclose only those

                                         -1-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES,
SET ONE

1    contentions which presently occur to such responding party.

2           It is anticipated that further discovery, independent investigation, legal research, and analysis

3    will supply additional entirely new factual conclusions and legal contentions, all of which may lead to

4    substantial additions to, changes in, and variations from the contentions herein set forth.

5           Except for explicit facts admitted herein, no incidental or implied admissions are intended

6    hereby. The fact that respondent has answered any interrogatories should not be taken as an

7    admission that respondent accepts or admits the existence of any facts set forth or assumed by such

8    interrogatory, or that such response constitutes admissible evidence. The fact that respondent has

9    answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by

10   respondent of all or any part of any objection to any interrogatory made by respondent.

11          The following responses are given without prejudice to responding party's right to produce

12   evidence of any subsequently discovered fact or facts which this responding party may later recall.

13   Responding party accordingly reserves the right to change any and all responses herein as additional

14   facts are ascertained, analyses are made, legal research is completed, and contentions are made. The

15   responses contained herein are made in a good-faith effort to supply as much factual information

16   and as much specification of legal contentions as are presently known, but should in no way be to

17   the prejudice of this responding party in relation to further discovery, research, or analysis.

18   **FORM INTERROGATORY 1.1:**

19          State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON**

20   who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify*

21   *anyone who simply typed or reproduced the responses.)*

22   **RESPONSE TO FORM INTERROGATORY 1.1:**

23          Kimberly Wong, Esq., The Veen Firm, 711 Van Ness Ave., Ste. 220, San Francisco, CA

24   94102; Joel Hanson (David Hanson's father), 23430 20th Avenue, Cadott, WI 45727.

25   **FORM INTERROGATORY 2.1:**

26          State:

27          (a)     your name;

28          (b)     every name you have used in the past; and

-2-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1      (c)     the dates you used each name.

2  **RESPONSE TO FORM INTERROGATORY 2.1:**

3      David Hanson. No other names.

4  **FORM INTERROGATORY 2.2:**

5      State the date and place of your birth.

6  **RESPONSE TO FORM INTERROGATORY 2.2:**

7      10/10/83, La Crosse, WI

8  **FORM INTERROGATORY 2.3:**

9      At the time of the **INCIDENT**, did you have a driver's license? If so, state:

10      (a)     the state or other issuing entity;

11      (b)     the license number and type;

12      (c)     the date of issuance; and

13      (d)     all restrictions.

14  **RESPONSE TO FORM INTERROGATORY 2.3:**

15      Yes.

16      (a) California

17      (b) F4651668 commercial

18      (c) 7-20-12

19      (d) No restrictions.

20  Plaintiff may have also had a Wisconsin driver's license at the time of the incident.

21  **FORM INTERROGATORY 2.4:**

22      At the time of the **INCIDENT**, did you have any other permit or license for the operation

23  of a motor vehicle? If so, state:

24      (a)     the state or other issuing entity;

25      (b)    the license number and type;

26      (c)     the date of issuance; and

27      (d)     all restrictions.

28

-3-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
TEL (415)673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1 **RESPONSE TO FORM INTERROGATORY 2.4:**

2 No.

3 **FORM INTERROGATORY 2.5:**

4 State:

5     (a)    your present residence **ADDRESS**;

6     (b)    your residence **ADDRESSES** for the past five years; and

7     (c)    the dates you lived at each **ADDRESS.**

8 **RESPONSE TO FORM INTERROGATORY 2.5:**

9 5559 Cyndi Court, Eau Claire, WI 54703 (approx. September 2013 to the present)

10 340 Montezuma Street, Apt. F, Rio Vista, CA 94571 (approx. July 2012 to September 2013)

11 7857 County Rd. 204, Orland, CA 95963 (approx. June 30, 2011 to June 2012)

12 4606 Olson Drive, Eau Claire, WI 54703 (approx. 2007 to June 2011)

13 **FORM INTERROGATORY 2.6:**

14 State:

15     (a)    the name, **ADDRESS**, and telephone number of your present employer or place of

16 self-employment; and

17     (b)    the name, **ADDRESS**, dates of employment, job title, and nature of work for each

18 employer or self-employment you have had from five years before the **INCIDENT** until today.

19 **RESPONSE TO FORM INTERROGATORY 2.6:**

20     (a) Not presently employed.

21     (b) Contra Costa Electric, 825 Howe Rd., Martinez, CA 94553; lineman; approx. November

22       2011 to the date of the incident

23     (c) Michels Corporation/Superior Electric, 817 W. Main Street, Brownsville, WI 53006;

24       lineman; approx. November 2009 to April 2011

25     (d) International Line Builders Inc., P.O. Box 23729, Portland, OR 97281; lineman; approx.

26       June 2011 to September 2011

27     (e) Three Phase Line Construction, 25 Main Street, Farmington, NH 03835; lineman;

28       October 2011

-4-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1      (f) INTREN, Inc., 18202 W. Union Rd., Union, IL 60180; lineman; approx. March 2010 to

2         June 2010

3      (g) Line Construction Benefit Fund, 2000 Springer Dr., Lombard, IL 60148; lineman

4      (h) M.J. Electric, 200 W. Frank Pipp Dr., Iron Mountain, MI 49801 lineman; approx. January

5         2009 to July 2009

6      (i) LE Myers Co Inc., 1701 West Golf Rd., Ste. 1012, Rolling Meadows, IL 60008; lineman;

7         approx. September 2009 to October 2009

8  **FORM INTERROGATORY 2.7:**

9      State:

10     (a)   the name and **ADDRESS** of each school or other academic or vocational institution

11 you have attended, beginning with high school;

12     (b)   the dates you attended;

13     (c)   the highest grade level you have completed; and

14     (d)   the degrees received.

15 **RESPONSE TO FORM INTERROGATORY 2.7:**

16     Plaintiff was home schooled for 9th-12th grades at 4306 N. Shore Dr., Eau Claire, WI 54703.

17 He received his GED in July 2002. Plaintiff received a vocational diploma for electrical power

18 distribution from Chippewa Valley Technical College in Eau Claire, WI in May 2002.

19 **FORM INTERROGATORY 2.8:**

20     Have you ever been convicted of a felony? If so, for each conviction state:

21     (a)   the city and state where you were convicted;

22     (b)   the date of conviction;

23     (c)   the offense; and

24     (d)   the court and case number.

25 **RESPONSE TO FORM INTERROGATORY 2.8:**

26     No.

27 **FORM INTERROGATORY 2.9:**

28     Can you speak English with ease? If not, what language and dialect do you normally use?

-5-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1  **RESPONSE TO FORM INTERROGATORY 2.9:**

2       At the time of the incident, plaintiff spoke English with ease. However, plaintiff is not

3  currently able to speak English with ease due to his injuries from the incident.

4  **FORM INTERROGATORY 2.10:**

5       Can you read and write English with ease? If not, what language and dialect do you normally

6  use?

7  **RESPONSE TO FORM INTERROGATORY 2.10:**

8       At the time of the incident, plaintiff read and wrote English with ease. However, plaintiff is

9  not currently able to read and write English with ease due to his injuries from the incident.

10  **FORM INTERROGATORY 2.11:**

11       At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**?

12  If so, state:

13       (a)     the name, **ADDRESS**, and telephone number of that **PERSON**; and

14       (b)     a description of your duties.

15  **RESPONSE TO FORM INTERROGATORY 2.11:**

16       Yes. At the time of the incident, plaintiff was employed by Contra Costa Electric, Inc. (825

17  Howe Road, Martinez, CA 94553) as a lineman.

18  **FORM INTERROGATORY 2.12:**

19       At the time of the **INCIDENT** did you or any other person have any physical, emotional,

20  or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**?

21  If so, for each person state:

22       (a)     the name, **ADDRESS**, and telephone number;

23       (b)     the nature of the disability or condition; and

24       (c)     the manner in which the disability or condition contributed to the occurrence of the

25  **INCIDENT**.

26  **RESPONSE TO FORM INTERROGATORY 2.12:**

27       No.

28

-6-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1  **FORM INTERROGATORY 2.13:**

2      Within 24 hours before the **INCIDENT** did you or any person involved in the

3  **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other

4  drug or medication of any kind (prescription or not)? If so, for each person state:

5      (a)    the name, **ADDRESS**, and telephone number;

6      (b)    the nature or description of each substance;

7      (c)    the quantity of each substance used or taken;

8      (d)    the date and time of day when each substance was used or taken;

9      (e)    the **ADDRESS** where each substance was used or taken;

10      (f)    the name, **ADDRESS**, and telephone number of each person who was present when

11  each substance was used or taken; and

12      (g)    the name, **ADDRESS**, and telephone number of any **HEALTH CARE**

13  **PROVIDER** who prescribed or furnished the substance and the condition for which it was

14  prescribed or furnished.

15  **RESPONSE TO FORM INTERROGATORY 2.13:**

16      I am informed that plaintiff did not consume any alcoholic beverage, marijuana, or other

17  drug or medication within 24 hours of the incident. Plaintiff is unaware of whether anyone else

18  involved in the incident had consumed any such substances.

19  **FORM INTERROGATORY 4.1:**

20      At the time of the **INCIDENT** was there in effect any policy of insurance through which

21  you were or might be insured in any manner (for example, primary, pro-rata, or excess liability

22  coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the

23  **INCIDENT**? If so, for each policy, state:

24      (a)    the kind of coverage;

25      (b)    the name and **ADDRESS** of the insurance company;

26      (c)    the name, **ADDRESS**, and telephone number of each named insured;

27      (d)    the policy number;

28      (e)    the limits of coverage for each type of coverage contained in the policy;

-7-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel: (415) 673-4900
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1       (f)     whether any reservation of rights or controversy or coverage dispute exists between

2 you and the insurance company; and

3       (g)     the name, **ADDRESS**, and telephone number of the custodian of the policy.

4 **RESPONSE TO FORM INTERROGATORY 4.1:**

5     Objection. The question calls for information neither relevant to the subject matter of this

6 action nor reasonably calculated to lead to the discovery of admissible evidence. (*Deaile v. General*

7 *Telephone* (1974) 40 Cal. App. 3d 841.)

8     Objection. This request is improper because it seeks collateral source information. "The

9 collateral source rule operates to prevent a defendant from reducing a plaintiff's damages with

10 evidence that the plaintiff received compensation from a source independent of the defendant."

11 (*McKinney v. California Portland Cement*, (2002) 96 Cal. App. 4th 1214, 1222; citing *Pacific Gas & Electric*

12 *Co. v. Superior Court*, (1994) 28 Cal. App. 4th 174, 176.) The rule is meant to prevent the defendant

13 from escaping liability for a wrong merely because the plaintiff had the foresight to plan ahead and

14 obtain insurance coverage. Without waiving the objections, plaintiff responds as follows: A workers'

15 compensation policy was in effect through plaintiff's employer.

16 **FORM INTERROGATORY 4.2:**

17     Are you self-insured under any statute for the damages, claims, or actions that have arisen

18 out of the **INCIDENT**? If so, specify the statute.

19 **RESPONSE TO FORM INTERROGATORY 4.2:**

20     Objection. The question calls for information neither relevant to the subject matter of this

21 action nor reasonably calculated to lead to the discovery of admissible evidence. (*Deaile v. General*

22 *Telephone* (1974) 40 Cal. App. 3d 841.)

23     Objection. This request is improper because it seeks collateral source information. "The

24 collateral source rule operates to prevent a defendant from reducing a plaintiff's damages with

25 evidence that the plaintiff received compensation from a source independent of the defendant."

26 (*McKinney v. California Portland Cement* (2002) 96 Cal. App. 4th 1214, 1222; citing *Pacific Gas & Electric*

27 *Co. v. Superior Court* (1994) 28 Cal. App. 4th 174, 176.) The rule is meant to prevent the defendant

28 from escaping liability for a wrong merely because the plaintiff had the foresight to plan ahead and

-8-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1    obtain insurance coverage.

2      Without waiving the objection, plaintiff responds that he does not believe that he is self-

3    insured under any statute.

4    **FORM INTERROGATORY 6.1:**

5      Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your*

6    *answer is "no," do not answer interrogatories 6.2 through 6.7).*

7    **RESPONSE TO FORM INTERROGATORY 6.1:**

8      Yes.

9    **FORM INTERROGATORY 6.2:**

10      Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

11    **RESPONSE TO FORM INTERROGATORY 6.2:**

12      Objection. The question calls for a professional opinion from a lay witness; consequently, the

13    question is oppressive, harassing, and without a foundational showing of competence.

14      Objection. To the extent that defendant seeks an abstract, summary, or compilation of

15    Plaintiff's injuries, Defendant is directed, pursuant to C.C.P. § 2030.230, to the medical records

16    themselves as identified in the response to interrogatory 6.4. Plaintiff does not have an abstract,

17    summary, or compilation of the information which is contained in these records, which are equally

18    available to Defendant. Not waiving the objections and in the spirit of cooperation, Plaintiff

19    responds as follows:

20      Plaintiff's injuries have included: quadriplegia, a severe traumatic brain injury, a left femur

21    fracture, left femoral neck fracture, left sacral fracture, L2 endplate fracture, skull fractures, facial

22    fractures, and a pelvic fracture. Additional injuries may also be reflected in his medical records.

23    **FORM INTERROGATORY 6.3:**

24      Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each

25    complaint state:

26      (a)    a description;

27      (b)    whether the complaint is subsiding, remaining the same, or becoming worse; and

28      (c)    the frequency and duration.

-9-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1  **RESPONSE TO FORM INTERROGATORY 6.3:**

2      Objection. The question calls for a professional opinion from a lay witness; consequently, the

3  question is oppressive, harassing, and without a foundational showing of competence. Not waiving

4  the objection, Plaintiff responds as follows: Yes. Plaintiff continues to feel the effects of his injuries

5  constantly and on a daily basis. For example, plaintiff is unable to walk; unable to talk; unable to

6  write; unable to take care of personal hygiene and activities of daily living without assistance; and

7  experiences pain, spasms, loss of energy, sleep issues, and difficulty eating.

8  **FORM INTERROGATORY 6.4:**

9      Did you receive any consultation or examination (except from expert witnesses covered by

10  Code of Civil Procedure sections 2034.210 – 2034.310) or treatment from a **HEALTH CARE**

11  **PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE**

12  **PROVIDER** state:

13      (a)    the name, **ADDRESS**, and telephone number;

14      (b)    the type of consultation, examination, or treatment provided;

15      (c)    the dates you received consultation, examination, or treatment; and

16      (d)    the charges to date.

17  **RESPONSE TO FORM INTERROGATORY 6.4:**

18      Objection. The question calls for information which is available to all parties equally and is

19  therefore oppressive and burdensome to Plaintiff. (*Pantzalas v. Superior Court* (1969) 272 Cal. App. 2d

20  499; *Alpine v. Superior Court* (1968) 259 Cal. App. 2d 45.) Objection. To the extent that defendant

21  seeks an abstract, summary, or compilation of the dates and nature of treatment, along with the

22  reasons and charges for such treatment, defendant is directed, pursuant to C.C.P. §2030.230, to the

23  medical records themselves as identified in the response to this interrogatory. Plaintiff does not have

24  an abstract, summary, or compilation of the information which is contained in these records. Not

25  waiving those objections, plaintiff responds as follows:

26      Yes. To the extent this question is seeking information about medical care provided to

27  plaintiff, records may be requested from the following providers.

28      1. John Muir Medical Center, 1601, Ygnacio Valley Road, Walnut Creek, CA 94598

-10-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1    2. Santa Clara Valley Medical Center, 751 S. Bascom Ave, San Jose, CA 95128

2    3. CareMeridian, 2390 Sir Francis Drake Blvd., Fairfax, CA 94930

3    4. Jay Loftsgaarden, M.D. (physiatrist), Mayo Clinic, 1400 Bellinger St., Eau Claire, WI

4        54703

5    5. Timothy Young, M.D. (neurologist), Mayo Clinic, 1400 Bellinger St., Eau Claire, WI

6        54703

7    6. Darren Lokkesmoe, M.D. (internist), Mayo Clinic, 1221 Whipple St., Eau Claire, WI

8        54703

9    7. Becky Payne (speech therapist), 2523 14 ¾ Avenue, Rice Lake, WI 54868

10    8. Holli Kloss (physical therapist), 4033 123rd Street, Chippewa Falls, WI 54729

11    9. Jeanne Daniels and Rosemary Feeney (occupational therapists), 4033 123rd Street,

12        Chippewa Falls, WI 54729

13  **FORM INTERROGATORY 6.5:**

14      Have you taken any medication, prescribed or not, as a result of injuries that you attribute to

15  the **INCIDENT**? If so, for each medication, state:

16      (a)    the name;

17      (b)    the **PERSON** who prescribed or furnished it;

18      (c)    the date it was prescribed or furnished;

19      (d)    the dates you began and stopped taking it; and

20      (e)    the cost to date.

21  **RESPONSE TO FORM INTERROGATORY 6.5:**

22      Objection. To the extent that defendant seeks an abstract, summary, or compilation of the

23  dates and nature of treatment, along with the reasons and charges for such treatment, defendant is

24  directed, pursuant to C.C.P. §2030.230, to the medical records themselves as identified in the

25  response to this interrogatory. Plaintiff does not have an abstract, summary, or compilation of the

26  information which is contained in these records.

27      Objection. The question calls for information which is available to all parties equally and is

28  therefore oppressive and burdensome to plaintiff. (*Pantzalas v. Superior Court* (1969) 272 Cal. App. 2d

-11-

1     499; *Alpine v. Superior Court* (1968) 259 Cal. App. 2d 45.)

2        Not waiving these objections, Plaintiff responds as follows: Plaintiff has been prescribed

3     extensive medication. Defendant may obtain any information responsive to this interrogatory from

4     the health care providers identified in Plaintiff's response to Form Interrogatory No. 6.4, above.

5     **FORM INTERROGATORY 6.6:**

6        Are there any other medical services necessitated by the injuries that you attribute to the

7     **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so,

8     for each service state:

9           (a)     the nature;

10          (b)     the date;

11          (c)     the cost; and

12          (d)     the name, **ADDRESS**, and telephone number of each provider.

13     **RESPONSE TO FORM INTERROGATORY 6.6:**

14        Yes. CalStar (air rescue ambulance), 177 John Glenn Drive, Concord, CA; August 7, 2012.

15     Plaintiff also required a medical transport plane to transport him from California to Wisconsin and

16     an ambulance to transport him from the airport in Wisconsin, which was provided by Critical Care

17     Med Flight (800) 426-6557.

18     **FORM INTERROGATORY 6.7:**

19        Has any **HEALTH CARE PROVIDER** advised that you may require future or additional

20     treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:

21          (a)     the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

22          (b)     the complaints for which the treatment was advised; and

23          (c)     the nature, duration, and estimated cost of the treatment.

24     **RESPONSE TO FORM INTERROGATORY 6.7:**

25        Objection. To the extent that defendant seeks an abstract, summary, or compilation of the

26     nature, duration, and cost of treatment, defendant is directed, pursuant to C.C.P. §2030.230, to the

27     medical records themselves, as identified in response to interrogatory 6.4. Plaintiff does not have an

28     abstract, summary, or compilation of the information which is contained in these records.

-12-

THE VEEN FIRM, P.C.
711 VAN NESS AVE. SUITE 220
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1         Objection. The question calls for information which is available to all parties equally and is

2 therefore oppressive and burdensome to plaintiff. (*Panizalas v. Superior Court* (1969) 272 Cal. App. 2d

3 499; *Alpine v. Superior Court* (1968) 259 Cal. App. 2d 45.)

4         Objection to the extent that the question calls for a professional opinion from a lay witness;

5 consequently, the question is oppressive, harassing, and without a foundational showing of

6 competence.

7         Without waiving the objections, Plaintiff responds as follows: Yes. Plaintiff's healthcare

8 providers have advised of the need for continued treatment for his injuries identified in form

9 interrogatory 6.4. Plaintiff's health care providers are still in the process of determining what specific

10 modalities of treatment he will require in the future.

11 **FORM INTERROGATORY 7.1:**

12         Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?

13 If so, for each item of property:

14         (a)    describe the property;

15         (b)    describe the nature and location of the damage to the property;

16         (c)    state the amount of damage you are claiming for each item of property and how the

17 amount was calculated; and

18         (d)    if the property was sold, state the name, **ADDRESS**, and telephone number of the

19 seller, the date of sale, and the sale price.

20 **RESPONSE TO FORM INTERROGATORY 7.1:**

21         No.

22 **FORM INTERROGATORY 7.2:**

23         Has a written estimate or evaluation been made for any item of property referred to in your

24 answer to the preceding interrogatory? If so, for each estimate or evaluation state:

25         (a)    the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and

26 the date prepared;

27         (b)    the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of

28 it; and

-13-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1      (c)     the amount of damage stated.

2  **RESPONSE TO FORM INTERROGATORY 7.2:**

3      Not applicable.

4  **FORM INTERROGATORY 7.3:**

5      Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so,

6  for each item state:

7      (a)     the date repaired;

8      (b)     a description of the repair;

9      (c)     the repair cost;

10      (d)     the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it; and

11      (e)     the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the

12  repair.

13  **RESPONSE TO FORM INTERROGATORY 7.3:**

14      Not applicable.

15  **FORM INTERROGATORY 8.1:**

16      Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer*

17  *is "no," do not answer interrogatories 8.2 through 8.8).*

18  **RESPONSE TO FORM INTERROGATORY 8.1:**

19      Yes.

20  **FORM INTERROGATORY 8.2:**

21      State:

22      (a)     the nature of your work;

23      (b)     your job title at the time of the **INCIDENT**; and

24      (c)     the date your employment began.

25  **RESPONSE TO FORM INTERROGATORY 8.2:**

26      Yes. At the time of the incident, plaintiff was employed by Contra Costa Electric as a

27  lineman and had worked for Contra Costa Electric, Inc. since November 2011.

28  **FORM INTERROGATORY 8.3:**

-14-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1    State the last date before the **INCIDENT** that you worked for compensation.

2    **RESPONSE TO FORM INTERROGATORY 8.3:**

3    August 6, 2012

4    **FORM INTERROGATORY 8.4:**

5    State your monthly income at the time of the **INCIDENT** and how the amount was

6    calculated.

7    **RESPONSE TO FORM INTERROGATORY 8.4:**

8    Plaintiff's monthly income varied each month. Based on plaintiff's pay stubs from Contra

9    Costa Electric, Inc., he earned approximately $8,600 monthly, not including benefits from

10    employment. Plaintiff's investigation and discovery are continuing.

11    **FORM INTERROGATORY 8.5:**

12    State the date you returned to work at each place of employment following the

13    **INCIDENT.**

14    **RESPONSE TO FORM INTERROGATORY 8.5:**

15    Not applicable.

16    **FORM INTERROGATORY 8.6:**

17    State the dates you did not work and for which you lost income as a result of the

18    **INCIDENT.**

19    **RESPONSE TO FORM INTERROGATORY 8.6:**

20    August 8, 2012 to the present.

21    **FORM INTERROGATORY 8.7:**

22    State the total income you have lost to date as a result of the **INCIDENT** and how the

23    amount was calculated.

24    **RESPONSE TO FORM INTERROGATORY 8.7:**

25    Objection. The question calls for a professional opinion from a lay witness; consequently,

26    the question is oppressive and harassing without a foundational showing of competence. Objection.

27    Plaintiff's claim for loss of earnings and earning capacity will be presented by plaintiff's retained

28    expert consultants pursuant to C.C.P. §2034.210. Without waiving the objections, plaintiff responds

-15-

THE VEEN FIRM, P.C.
711 VAN NESS AVE, SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-1900
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1   as follows: Plaintiff has not been able to return to any kind of work since the incident due to the

2   nature of his injuries. Plaintiff's investigation and discovery are continuing.

3   **FORM INTERROGATORY 8.8:**

4       Will you lose income in the future as a result of the **INCIDENT**? If so, state:

5       (a)     the facts upon which you base this contention;

6       (b)     an estimate of the amount;

7       (c)     an estimate of how long you will be unable to work; and

8       (d)     how the claim for future income is calculated.

9   **RESPONSE TO FORM INTERROGATORY 8.8:**

10      Objection. The question calls for a professional opinion from a lay witness; consequently, the

11  question is oppressive and harassing without a foundational showing of competence. Plaintiff's claim

12  for loss of earnings and earning capacity will be presented by plaintiff's retained expert consultants

13  pursuant to C.C.P. §2034.210. Without waiving the objections, plaintiff responds as follows: Due to

14  the nature of his injuries, it is anticipated that plaintiff will not be able to return to any kind of work

15  in the future.

16  **FORM INTERROGATORY 9.1:**

17      Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of

18  damage, state:

19      (a)     the nature;

20      (b)     the date it occurred;

21      (c)     the amount; and

22      (e)     the name, **ADDRESS**, and telephone number of each **PERSON** to whom an

23  obligation was incurred.

24  **RESPONSE TO FORM INTERROGATORY 9.1:**

25      Objection to the extent that the question calls for a professional opinion from a lay witness;

26  consequently, the question is oppressive and harassing without a foundational showing of

27  competence. Without waiving the objections, plaintiff responds as follows: Yes. Plaintiff has

28  suffered physical and emotional pain and suffering and a loss of enjoyment of life. His injuries have

-16-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1    impacted his social activities and his relationships with family and friends. In addition, plaintiff has

2    been unable to perform essential household related activities, such as household repairs and

3    maintenance, cleaning, gardening, cooking, and shopping. No computation has been made thus far

4    as to the amount of these damages.

5    **FORM INTERROGATORY 9.2:**

6       Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in

7    interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone

8    number of the **PERSON** who has each **DOCUMENT.**

9    **RESPONSE TO FORM INTERROGATORY 9.2:**

10       Plaintiff's medical records from his health care providers identified in response to form

11    interrogatory 6.4, which are equally available to all parties by subpoena.

12    **FORM INTERROGATORY 10.1:**

13       At any time before the **INCIDENT** did you have complaints or injuries that involved the

14    same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

15       (a)    a description of the complaint or injury;

16       (b)    the dates it began and ended; and

17       (c)    the name, **ADDRESS**, and telephone number of each **HEALTH CARE**

18    **PROVIDER** whom you consulted or who examined or treated you.

19    **RESPONSE TO FORM INTERROGATORY 10.1:**

20       No.

21    **FORM INTERROGATORY 10.2:**

22       List all physical, mental, and emotional disabilities you had immediately before the

23    **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury*

24    *to the INCIDENT.)*

25    **RESPONSE TO FORM INTERROGATORY 10.2:**

26       None.

27    **FORM INTERROGATORY 10.3:**

28       At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are

-17-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1     now claiming damages? If so, for each incident giving rise to an injury state:

2          (a)     the date and place it occurred;

3          (b)     the name, **ADDRESS**, and telephone number of any other **PERSON** involved;

4          (c)     the nature of any injuries you sustained;

5          (d)     the name, **ADDRESS**, and telephone number of each **HEALTH CARE**

6     **PROVIDER** who you consulted or who examined or treated you; and

7          (e)     the nature of the treatment and its duration.

8     **RESPONSE TO FORM INTERROGATORY 10.3:**

9          No.

10     **FORM INTERROGATORY 11.1:**

11     Except for this action, in the past 10 years have you filed an action or made a written claim

12     or demand for compensation for your personal injuries? If so, for each action, claim, or demand

13     state:

14          (a)     the date, time, and place and location (closest street **ADDRESS** or intersection) of

15     the **INCIDENT** giving rise to the action, claim, or demand;

16          (b)     the name, **ADDRESS**, and telephone number of each **PERSON** against whom the

17     claim or demand was made or the action filed;

18          (c)     the court, names of the parties, and case number of any action filed;

19          (d)     the name, **ADDRESS**, and telephone number of any attorney representing you;

20          (e)     whether the claim or action has been resolved or is pending; and

21          (f)     a description of the injury.

22     **RESPONSE TO FORM INTERROGATORY 11.1:**

23     It is not believed that plaintiff has filed an action or made a written claim for personal

24     injuries in the past 10 years, other than this action.

25     **FORM INTERROGATORY 11.2:**

26     In the past 10 years have you made a written claim or demand for workers' compensation

27     benefits? If so, for each claim or demand state:

28          (a)     the date, time, and place of the **INCIDENT** giving rise to the claim;

-18-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1      (b)    the name, **ADDRESS**, and telephone number of your employer at the time of the

2  injury;

3      (c)    the name, **ADDRESS**, and telephone number of the workers' compensation insurer

4  and the claim number;

5      (d)    the period of time during which you received workers' compensation benefits;

6      (e)    a description of the injury;

7      (f)    the name, **ADDRESS**, and telephone number of any **HEALTH CARE**

8  **PROVIDER** who provided services; and

9      (g)    the case number at the Workers' Compensation Appeals Board.

10  **RESPONSE TO FORM INTERROGATORY 11.2:**

11      (a) August 7, 2012

12      (b) Contra Costa Electric, 825 Howe Rd., Martinez, CA 94553

13      (c) ESIS West WC Claims, P.O. Box 6569, Scranton, PA 18505-6569

14      (d) 8/8/12 to the present

15      (e) See response to form interrogatory 6.2.

16      (f) See response to form interrogatory 6.4.

17      (g) ADJ8721192

18  **FORM INTERROGATORY 12.1:**

19      State the name, **ADDRESS**, and telephone number of each individual:

20      (a)    who witnessed the **INCIDENT** or the events occurring immediately before or after

21  the **INCIDENT**;

22      (b)    who made any statement at the scene of the **INCIDENT**;

23      (c)    who heard any statements made about the **INCIDENT** by any individual at the

24  scene; and

25      (d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge

26  of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

27  **RESPONSE TO FORM INTERROGATORY 12.1:**

28      Potential witnesses may include Clement Olivier (Contra Costa Electric), Kevin Hartig

-19-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1  (Contra Costa Electric), Dennis Klinck (Contra Costa Electric), Scott Windmiller (Contra Costa

2  Electric), Dan Beath (Air Gas), and other employees of Contra Costa Electric and Shell Oil who

3  have not yet been identified.

4  **FORM INTERROGATORY 12.2:**

5  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

6  concerning the **INCIDENT?** If so, for each individual state:

7  (a) the name, **ADDRESS**, and telephone number of the individual interviewed;

8  (b) the date of the interview; and

9  (c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the

10  interview.

11  **RESPONSE TO FORM INTERROGATORY 12.2:**

12  Objection, to the extent attorney-client privilege protects disclosure of the information

13  sought. (*Brown v. Superior Court* (1963) 218 Cal. App. 2d 430.) Objection, to the extent the question

14  seeks information which is protected from disclosure by the attorney work-product doctrine. (*Brown*

15  *v. Superior Court* (1963) 218 Cal. App. 2d 430; *Nacht & Lewis Architects v. Superior Court* (1996) 4 Cal.

16  App. 4th 214; *Coito v. Superior Court* (2012) 54 Cal.4th 480.) Without waiving this objection, Plaintiff

17  responds as follows: Joel Hanson had a conversation with Contra Costa Electric employee Dennis

18  Klinck regarding the incident approximately a week after the incident. He also had informal

19  conversations with Clem Olivier and with Ralph Armstrong, Jr. and others connected with the

20  incident. None of these were formal interviews.

21  **FORM INTERROGATORY 12.3:**

22  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or

23  recorded statement from any individual concerning the **INCIDENT?** If so, for each statement

24  state:

25  (a) the name, **ADDRESS**, and telephone number of the individual from whom the

26  statement was obtained;

27  (b) the name, **ADDRESS**, and telephone number of the individual who obtained the

28  statement;

-20-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE.

1    (c)    the date the statement was obtained; and

2    (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

3    original statement or a copy.

4    **RESPONSE TO FORM INTERROGATORY 12.3:**

5    Objection, to the extent attorney-client privilege protects disclosure of the information

6    sought. (*Brown v. Superior Court* (1963) 218 Cal. App. 2d 430.) Objection, to the extent attorney-client

7    privilege protects disclosure of the information sought. (*Brown v. Superior Court* (1963) 218 Cal. App.

8    2d 430; *Coito v. Superior Court* (2012) 54 Cal.4th 480.) Without waiving these objections, Plaintiff

9    responds as follows: Joel Hanson received notes that Contra Costa Electric employee Dennis Klinck

10   made related to the incident approximately a week after the incident.

11   **FORM INTERROGATORY 12.4:**

12   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs,

13   films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or

14   plaintiff's injuries? If so, state:

15   (a)    the number of photographs or feet of film or videotape;

16   (b)    the places, objects, or persons photographed, filmed, or videotaped;

17   (c)    the date the photographs, films, or videotapes were taken;

18   (d)    the name, **ADDRESS**, and telephone number of the individual taking the

19   photographs, films, or videotapes; and

20   (e)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

21   original or a copy of the photographs, films, or videotapes.

22   **RESPONSE TO FORM INTERROGATORY 12.4:**

23   Plaintiff is informed and believes that photographs of the scene were taken as part of the

24   OSHA investigation and that family members and friends have taken photographs of him during his

25   treatment and rehabilitation.

26   **FORM INTERROGATORY 12.5:**

27   Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram,

28   reproduction, or model of any place or thing (except for items developed by expert witnesses

-21-

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1  covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If

2  so, for each item state:

3      (a)    the type (i.e. diagram, reproduction, or model);

4      (b)    the subject matter; and

5      (c)    the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

6  **RESPONSE TO FORM INTERROGATORY 12.5:**

7      Joel Hanson received three hand-drawn diagrams of the electrical pole and surrounding area

8  involved in the incident. The diagrams were provided by Contra Costa Electric employee Dennis

9  Klinck.

10  **FORM INTERROGATORY 12.6:**

11      Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

12      (a)    the name, title, identification number, and employer of the **PERSON** who made the

13  report;

14      (b)    the date and type of report made;

15      (c)    the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report

16  was made; and

17      (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

18  original or a copy of the report.

19  **RESPONSE TO FORM INTERROGATORY 12.6:**

20  Yes.

21      (a) Carla Fritz, Cal OSHA PSM, California Dept. of Industrial Relations Division of

22      Occupational Safety and Health

23      (b) OSHA Inspection Reports re: Equilon Enterprises, LLC DBA Shell Oil Products US and

24      Emcor Group, Inc. DBA Contra Costa Electric, Inc.; 1/25/13

25      (c) California Dept. of Industrial Relations Division of Occupational Safety and Health

26      (d) California Dept. of Industrial Relations Division of Occupational Safety and Health

27  **FORM INTERROGATORY 12.7:**

28      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the

-22-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

1     **INCIDENT?** If so, for each inspection state:

2     (a)    the name, **ADDRESS**, and telephone number of the individual making the

3     inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-

4     2034.310); and

5     (b)    the date of the inspection.

6     **RESPONSE TO FORM INTERROGATORY 12.7:**

7     No.

8     **FORM INTERROGATORY 13.1:**

9     Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of

10    any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance

11    state:

12     (a)    the name, **ADDRESS**, and telephone number of the individual or party;

13     (b)    the time, date, and place of the surveillance;

14     (c)    the name, **ADDRESS**, and telephone number of the individual who conducted the

15    surveillance; and

16     (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

17    original or a copy of any surveillance photograph, film, or videotape.

18     **RESPONSE TO FORM INTERROGATORY 13.1:**

19     No.

20     **FORM INTERROGATORY 13.2:**

21     Has a written report been prepared on the surveillance? If so, for each written report state:

22     (a)    the title;

23     (b)    the date;

24     (c)    the name, **ADDRESS**, and telephone number of the individual who prepared the

25    report; and

26     (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

27    original or a copy.

28     **RESPONSE TO FORM INTERROGATORY 13.2:**

-23-

1    Not applicable.

2    **FORM INTERROGATORY 14.1:**

3          Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON**

4    involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was

5    a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone

6    number of each **PERSON** and the statute, ordinance, or regulation that was violated.

7    **RESPONSE TO FORM INTERROGATORY 14.1:**

8          Objection, to the extent the question seeks information which is protected from disclosure

9    by the attorney work-product doctrine. (*Brown v. Superior Court* (1963) 218 Cal. App. 2d 430.)

10   Without waiving this objection, Plaintiff responds as follows: Yes. However, this case is at the early

11   stages of the discovery process. Plaintiff is still conducting his investigation as to the facts of this

12   case. Discovery is continuing. Plaintiff reserves the right to supplement or amend this response as

13   information becomes available.

14   **FORM INTERROGATORY 14.2:**

15         Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation

16   as a result of this **INCIDENT**? If so, for each **PERSON**, state:

17         (a)     the name, **ADDRESS**, and telephone number of the **PERSON**;

18         (b)     the statute, ordinance, or regulation allegedly violated;

19         (c)     whether the **PERSON** entered a plea in response to the citation or charge and, if so,

20   the plea entered; and

21         (d)     the name and **ADDRESS** of the court or administrative agency, names of the parties,

22   and case number.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-24-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE.

1  **RESPONSE TO FORM INTERROGATORY 14.2:**

2      Plaintiff is informed that Cal. OSHA had initially cited Contra Costa Electric, Inc. but later

3  withdrew the citations.

4

5  DATED: October 28, 2013           THE VEEN FIRM, P.C.

6

7

                      By:

8                            Craig M. Peters
                          Kimberly Wong

9                            Attorneys for Plaintiff
                          DAVID HANSON

10
    344742_1.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -25-

PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

## VERIFICATION (Standard)

CCP 446, 2015.5

I declare that:

I am the father of the plaintiff, David Hanson, in the above entitled action and have power of attorney over David Hanson's legal matters; I have read the foregoing;

## PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

I know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on $\underline{Oct. 28\ 2013}$ (date), at $\underline{Cadott, WI}$ (city, state).

_____
Joel Hanson

395020_Edit

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over 18 years of age and not a party to this action. My business address is The Veen Firm, P.C., 711 Van Ness Avenue, Suite 220, San Francisco, California 94102.

On the date below I served a true copy of the following document(s):

### PLAINTIFF'S RESPONSE TO DEFENDANT EQUILON ENTERPRISES, LLC'S FORM INTERROGATORIES, SET ONE

on the interested parties to said action by the following means:

[X] **(BY MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage, for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to The Veen Firm, P.C., for delivery by Federal Express to the address(es) shown below.

[ ] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by facsimile transmission from facsimile number (415) 771-5845 to the attorney(s) or party(ies) shown below.

[ ] **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving said envelope to an employee of Western Messenger Service for guaranteed, same-day delivery to the address(es) shown below.

[ ] **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys or parties shown below

[ ] **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Christopher J. Nevis, Esq.
Michael Romeo, Esq.
Lewis Brisbois Bisgaard & Smith LLP
333 Bush Street, Suite 1100
San Francisco, CA 94104
Fax: (415) 434-0882

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: October 28 2013

Susan McKinley

Exhibit D

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: (415) 673-4800 | FOR COURT USE ONLY |
|---|---|---|
| CRAIG M. PETERS, NO. 184018 <br> KIMBERLY WONG, NO. 251193 <br> THE VEEN FIRM, P.C. <br> P.O. Box 7296 <br> San Francisco, CA 94120-7296. <br> ATTORNEY FOR (name): Plaintiff David Hanson | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: David Hanson
DEFENDANT: Equilon Enterprises LLC et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> CGC-13-532292 |
|---|---|

To (name of one defendant only): Equilon Enterprises LLC
Plaintiff (name of one plaintiff only): David Hanson
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................ $ 20,000,000
   b. [ ] Emotional distress ................................................ $ _____
   c. [ ] Loss of consortium ................................................ $ _____
   d. [ ] Loss of society and companionship (wrongful death actions only) ...................... $ _____
   e. [ ] Other (specify) ................................................ $ _____
   f. [ ] Other (specify) ................................................ $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses (to date) ................................................ $ 1,500,000
   b. [X] Future medical expenses (present value) ...................................... $ 10,000,000
   c. [X] Loss of earnings (to date) ................................................ $ 120,000
   d. [X] Loss of future earning capacity (present value) ................................. $ 4,000,000
   e. [ ] Property damage ................................................ $ _____
   f. [ ] Funeral expenses (wrongful death actions only) ................................... $ _____
   g. [ ] Future contributions (present value) (wrongful death actions only) ...................... $ _____
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) ............... $ _____
   i. [X] Other (specify) loss of household services to date ................ $ 20,000
   j. [X] Other (specify) future loss of household services ................ $ 800,000
   k. [ ] Continued on Attachment 2.k.

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) .$ _____
   when pursuing a judgment in the suit filed against you.

Date: 7/30/13

CRAIG M. PETERS, NO. 184018
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

# Exhibit E

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

DAVID HANSON

**Case Management Department 610**

**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-13-532292**

EQUILON ENTERPRISES LLC, DBA SHELL
OIL PRODUCTS US et al

**Notice of Time and Place of Trial**

DEFENDANT (S)

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

As a result of the hearing regarding objection to the tentative setting in this case,

YOU ARE HEREBY NOTIFIED that this case is set for Jury TRIAL on May-04-2015 at 09:30 am in Department 206.

ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206, 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514.

DATED: FEB-27-2014          CYNTHIA M. LEE

JUDICIAL OFFICER

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on FEB-27-2014 I served the attached Notice of Time and Place of Trial by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : FEB-27-2014                    By: JEFFREY LEE


WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P.C.
711 VAN NESS AVENUE SUITE 220
P.O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

CERTIFICATE OF SERVICE BY MAIL
Form 000030

25943-1717



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

. DAVID HANSON

**Case Management Department 610**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-13-532292**

EQUILON ENTERPRISES LLC, DBA SHELL
OIL PRODUCTS US et al

**Order To Show Cause**

DEFENDANT (S)

---

TO: PLAINTIFF S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jan-08-2014 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Feb-11-2014 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s) PACIFIC GAS AND ELECTRIC COMPANY.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: DEC-23-2013          CYNTHIA M. LEE

JUDGE OF THE SUPERIOR COURT

Order To Show Cause
Form 000001

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on DEC-23-2013 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated: DEC-23-2013                    By: DAVID YUEN

WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P.C.
711 VAN NESS AVENUE SUITE 220
P.O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P.C.
711 VAN NESS AVENUE SUITE 220
P.O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CERTIFICATE OF SERVICE BY MAIL
Form 000001

## PROOF OF SERVICE

1

I am employed in the City and County of San Francisco, State of California. I am over 18 years of
2  age and not a party to this action. My business address is The Veen Firm, P.C., 711 Van Ness
   Avenue, Suite 220, San Francisco, California 94102.
3

On the date below I served a true copy of the following document(s):

4

### ORDER TO SHOW CAUSE

5

6  on the interested parties to said action by the following means:

   ☒   **(BY MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with
7      appropriate postage, for collection and mailing following our ordinary business practices. I
       am readily familiar with this business's practice for collecting and processing correspondence
8      for mailing. On the same day that the correspondence is placed for collection and mailing, it
       is deposited in the ordinary course of business with the United States Postal Service, in a
9      sealed envelope with postage fully prepaid.

10   ☐   **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed
       envelope with delivery charges to be billed to The Veen Firm, P.C., for delivery by Federal
11     Express to the address(es) shown below.

12   ☐   **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by
       facsimile transmission from facsimile number (415) 771-5845 to the attorney(s) or party(ies)
13     shown below.

14   ☐   **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving
       said envelope to an employee of Western Messenger Service for guaranteed, same-day
15     delivery to the address(es) shown below.

     ☐   **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys
16     or parties shown below

17   ☐   **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an
       agreement of the parties to accept service by e-mail or electronic transmission, I caused the
18     documents to be sent to the persons at the e-mail addresses listed below. I did not receive,
       within a reasonable period of time, after the transmission, any electronic message or other
19     indication that the transmission was unsuccessful.

20

   Christopher J. Nevis, Esq.
21 Michael Romeo, Esq.
   Lewis Brisbois Bisgaard & Smith LLP
22 333 Bush Street, Suite 1100
   San Francisco, CA 94104
23 Fax: (415) 434-0882

24

   I declare under penalty of perjury under the law of the State of California that the foregoing is true
25 and correct.

26 DATED: December 26, 2013                               
                                       Susan McKinley
27

28

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

DAVID HANSON

**Case Management Department 610**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-13-532292**

EQUILON ENTERPRISES LLC, DBA SHELL
OIL PRODUCTS US et al

**Order To Show Cause**

DEFENDANT (S)

TO: PLAINTIFF S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jan-08-2014 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Feb-11-2014 at 10:30 am, pursuant
to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not
be imposed for failure to:

obtain an answer(s) from, or enter default(s) against, defendant(s) PACIFIC GAS AND ELECTRIC
COMPANY.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at
least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause
hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty
(20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service
within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your
compliance has taken the order to show cause off calendar.

DATED: DEC-23-2013          CYNTHIA M. LEE

JUDGE OF THE SUPERIOR COURT

Order To Show Cause
Form 000001

ENDORSED
Superior Court of California
County of San Francisco

FEB 19 2014

CLERK OF THE COURT
BY: WESLEY RAMIREZ
Deputy Clerk

1  WILLIAM L. VEEN, NO. 043150
   CRAIG M. PETERS, NO. 184018
2  KIMBERLY WONG, NO. 251193
   THE VEEN FIRM, P.C.
3  711 Van Ness Avenue, Suite 220
   San Francisco, CA 94102
4  P.O. Box 7296
   San Francisco, CA 94120-7296
5  Telephone: (415) 673-4800
   Facsimile: (415) 771-5845
6  KL.Team@veenfirm.com

7  ATTORNEYS FOR PLAINTIFF
   DAVID HANSON
8

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11        IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

12

13  DAVID HANSON,                          CASE NO. CGC-13-532292

14          Plaintiff,                      **PLAINTIFF'S OBJECTION TO NOTICE
                                            OF TIME AND PLACE OF TRIAL**
15     v.
                                            Date: February 26, 2014
16  EQUILON ENTERPRISES LLC, DBA SHELL      Time: 10:30 a.m.
    OIL PRODUCTS US; PACIFIC GAS AND        Dept.: 610
17  ELECTRIC COMPANY; and DOES 1-100,

18          Defendants.                     Complaint Filed:   June 21, 2013
                                            Trial Date:        January 20, 2015

19

20  TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that on February 26, 2014 at 10:30 a.m. in Department 610 of

22  the above-referenced court, located at 400 McAllister Street, San Francisco, CA, plaintiff David

23  Hanson will appear to object to the setting of trial in this matter based upon the following grounds:

24          On August 7, 2012, plaintiff David Hanson, age 30 at the time, was working as a lineman for

25  Contra Costa Electric at the Shell Martinez refinery when he fell approximately 60 feet from an

26  electrical pole. As a result, he suffered serious injuries, including quadriplegia and a severe traumatic

27  brain injury. Plaintiff alleges in his complaint that Equilon Enterprises, LLC (dba Shell Oil Products

28  US) negligently supervised and negligently retained and exercised control over the safety and

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-1-

PLAINTIFF'S OBJECTION TO NOTICE OF TIME AND PLACE OF TRIAL

1 | performance of the job that plaintiff was performing at the Shell Martinez refinery. Plaintiff further

2 | alleges that Equilon Enterprises, LLC was negligent in its ownership, possession, maintenance,

3 | management and control over the Shell Martinez Refinery and the electrical pole. Given the nature

4 | of the injuries, the factual circumstances, and legal issues involved in this case, numerous depositions

5 | of non-expert witnesses as well as expert witnesses will be necessary.

6 | Trial counsel in this case is scheduled to begin a trial in Siskiyou County Superior Court on

7 | December 8, 2014. It is anticipated that this trial will continue through the first or second week of

8 | January 2015. Trial counsel would therefore be unavailable to participate in expert depositions prior

9 | to the conclusion of the trial in Siskiyou County which will likely be after the statutory deadline to

10 | complete expert depositions.

11 | No party or witness should suffer any prejudice from moving the trial date to just six weeks

12 | later than the court's originally noticed trial date.

13 | For the foregoing reasons, plaintiff requests that a new trial date be set no earlier than March

14 | 2, 2015.

15

16 | DATED: February 19, 2014          THE VEEN FIRM, P.C.

17

18
                                     By:
19                                        Craig M. Peters
                                          Kimberly Wong
20                                        Attorneys for Plaintiff
                                          DAVID HANSON
21
   358870_1.docx
22

23

24

25

26

27

28

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel. (415) 673-4800
www.veenfirm.com

-2-

PLAINTIFF'S OBJECTION TO NOTICE OF TIME AND PLACE OF TRIAL

## PROOF OF SERVICE

1

I am employed in the City and County of San Francisco, State of California. I am over 18 years of
2 age and not a party to this action. My business address is The Veen Firm, P.C., 711 Van Ness
Avenue, Suite 220, San Francisco, California 94102.
3

On the date below I served a true copy of the following document(s):
4

### PLAINTIFF'S OBJECTION TO NOTICE OF TIME AND PLACE OF TRIAL

5

6 on the interested parties to said action by the following means:

7 [X] **(BY MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with
appropriate postage, for collection and mailing following our ordinary business practices. I
am readily familiar with this business's practice for collecting and processing correspondence
8 for mailing. On the same day that the correspondence is placed for collection and mailing, it
is deposited in the ordinary course of business with the United States Postal Service, in a
9 sealed envelope with postage fully prepaid.

10 [ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed
envelope with delivery charges to be billed to The Veen Firm, P.C., for delivery by Federal
11 Express to the address(es) shown below.

12 [X] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by
facsimile transmission from facsimile number (415) 771-5845 to the attorney(s) or party(ies)
13 shown below.

14 [ ] **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving
said envelope to an employee of Western Messenger Service for guaranteed, same-day
15 delivery to the address(es) shown below.

16 [ ] **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys
or parties shown below

17 [ ] **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
18 documents to be sent to the persons at the e-mail addresses listed below. I did not receive,
within a reasonable period of time, after the transmission, any electronic message or other
19 indication that the transmission was unsuccessful.

20

Christopher J. Nevis, Esq.
21 Michael Romeo, Esq.
Lewis Brisbois Bisgaard & Smith LLP
22 333 Bush Street, Suite 1100
San Francisco, CA 94104
23 Fax: (415) 434-0882

24

I declare under penalty of perjury under the law of the State of California that the foregoing is true
25 and correct.

26 DATED: February 19 2014

Susan McKinley

27

28

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

DAVID HANSON

PLAINTIFF (S)

VS.

EQUILON ENTERPRISES LLC, DBA SHELL OIL PRODUCTS US et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO. CGC-13-532292**

**Notice of Time and Place of Trial**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-11-2014 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY NOTIFIED that this case is set for Jury TRIAL on Jan-20-2015 at 09:30 am in Department 206.

If any party objects to this order, written notice of the objection must be filed with the Court; a courtesy copy must be delivered to Department 610 and served on all parties; and all counsel must appear for an objection hearing on FEB-26-2014 in Department 610 at 10:30 am.

After FEB-26-2014, ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206, 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514.

DATED: FEB-06-2014          CYNTHIA M. LEE

JUDGE OF THE SUPERIOR COURT

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on FEB-06-2014 I served the attached Notice of Time and Place of Trial by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : FEB-06-2014                    By: DAVID YUEN

WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P.C.
711 VAN NESS AVENUE SUITE 220
P.O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

CERTIFICATE OF SERVICE BY MAIL
Form 000001

25943-1717
CT

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| DAVID HANSON | **Case Management Department 610**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-13-532292** |
| EQUILON ENTERPRISES LLC, DBA SHELL<br>OIL PRODUCTS US et al | **Order Continuing Case**<br>**Management Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Nov-20-2013 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jan-08-2014 in Department 610 at 10:30 am to obtain an answer(s) from, or enter default(s) against, defendant(s) PACIFIC GAS AND ELECTRIC COMPANY.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: NOV-04-2013                    CYNTHIA M. LEE

                                      JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

PS12041307    11-4-13 P

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on NOV-04-2013 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : NOV-04-2013                    By: DARLENE LUM


WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P.C.
711 VAN NESS AVENUE SUITE 220
P.O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104




CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

DAVID HANSON

**Case Management Department 610**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-13-532292**

EQUILON ENTERPRISES LLC, DBA SHELL
OIL PRODUCTS US et al

**Order Continuing Case**
**Management Conference**

DEFENDANT (S)

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Nov-20-2013 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jan-08-2014 in Department 610 at 10:30 am to obtain an answer(s) from, or enter default(s) against, defendant(s) PACIFIC GAS AND ELECTRIC COMPANY.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: NOV-04-2013                CYNTHIA M. LEE

_____
JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

## CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on NOV-04-2013 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94012, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated : NOV-04-2013                    By: DARLENE LUM


WILLIAM LOUIS VEEN (043150)
THE VEEN FIRM P C
711 VAN NESS AVENUE SUITE 220
P O. BOX 7296
SAN FRANCISCO, CA 94120-7296

CHRISTOPER J. NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104


CHRISTOPER J NEVIS (162812)
LEWIS BRISBOIS BISGAARD & SMITH
333 BUSH STREET, STE 1100
SAN FRANCISCO, CA 94104

1

**CERTIFICATE OF SERVICE**
*Hanson v. Equilon Enterprises LLC, dba Shell Oil Products US, et al.*
USDC – Northern District, San Francisco Division

2

3   STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4        At the time of service, I was over 18 years of age and not a party to the action.  My business
address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed in the office
5   of a member of the bar of this Court at whose direction the service was made.

6        On June 10, 2014, I served the following document:

7   **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. §1441(b) (DIVERSITY); JURY DEMAND**

8

9        I served the document on the following persons at the following address (including a fax
number and email addresses, if applicable):

10

| William L. Veen, Esq. | Telephone:    415-673-4800; |
|---|---|
| Craig M. Peters, Esq. | Facsimile:    415-771-5845 |
| Kimberly Wong, Esq. | Email: kl.team@veenfirm.com |
| THE VEEN FIRM | |
| 711 Van Ness Avenue, Suite 220 | |
| San Francisco, CA  94102 | |
| ***Attorneys for Plaintiff David Hanson*** | |

11

12

13

14

15        The document was served by the following means:

16   ☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the
persons at the address listed above and placed the envelope or package for collection and mailing,
17   following our ordinary business practices.  I am readily familiar with the firm's practice for collection
and processing correspondence for mailing.  Under that practice, on the same day that correspondence
18   is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S.
Postal Service, in a sealed envelope or package with the postage fully prepaid.

19        I declare under penalty of perjury under the laws of the United States of America and the State
20   of California that the foregoing is true and correct.

21

22   Dated:  June 10, 2014                                    /s/ B. Yasinah Johnson
                                                                        B. Yasinah Johnson

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-0617-9355.1

**CERTIFICATE OF SERVICE**